IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AMADOR SANTONIO,<br><br>        Plaintiff,<br><br>v.<br><br>JAMES O. TRACY et al.,<br><br>        Defendants. | Case No. 2:05-CV-17 PGC<br><br><br>O R D E R |

Plaintiff, Amador Santonio, an inmate at the Utah County Jail, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2006). On March 10, 2006, the Court dismissed Plaintiff's Complaint without prejudice for failure to exhaust administrative remedies on all of his claims. Before the Court is Plaintiff's Motion to Alter or Amend Judgment. *See* Fed. R. Civ. P. 59(e).

## ANALYSIS

### I. Standard of Review

Although Plaintiff's motion is incorrectly styled a motion to alter or amend judgment under Rule 59(e), the Court liberally construes it as a motion for relief from an order under Rule 60(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 60. Rule 60(b) authorizes the court to grant relief from an

order or a judgment on a number of specific grounds, including inadvertence, excusable neglect, fraud, and newly discovered evidence. "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). "A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. John Does, I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal quotation marks omitted).

Plaintiff's motion asserts two primary grounds for relief. First, that the Court applied the wrong statute when screening Plaintiff's Complaint; and, second, that additional evidence shows Plaintiff fully exhausted administrative remedies on all of his claims. The Court will address these arguments in turn.

## II. IFP/Screening Standard

Plaintiff first objects to the Court's statement that Plaintiff was proceeding *in forma pauperis* under 28 U.S.C. §1915,

2

see 28 id. § 1915, making his Complaint subject to screening under 28 U.S.C. § 1915(e). It appears from the docket that Plaintiff is not proceeding *in forma pauperis* in this case; thus, Plaintiff is correct in his assertion that his Complaint was not subject to screening under 28 U.S.C. § 1915(e). However, because Plaintiff's Complaint seeks relief from "a governmental entity or officer or employee of a governmental entity" it is still subject to the nearly identical screening standard found in 28 U.S.C. § 1915A. See 28 U.S.C.A. § 1915A (West 2006). Thus, the Court hereby amends its Order of March 10, 2006, to reflect that Plaintiff is not proceeding *in forma pauperis*, and that the screening analysis contained therein is pursuant to 28 U.S.C. § 1915A. The Court's analysis is otherwise unchanged.

### III. Additional Evidence

Attached to Plaintiff's motion are several exhibits which assertedly undermine the Court's exhaustion determination. These documents do not appear to have been part of the record at the time of the Court's prior ruling. Plaintiff does not specifically allege that these new documents were "previously unavailable," nor does he offer any other explanation for his failure to submit them earlier. Thus, the Court finds that Plaintiff had ample opportunity to present these documents prior to its ruling and they are now untimely. Nevertheless, lest

Plaintiff contend that refusal to consider these documents amounts to "manifest injustice" the Court will reluctantly consider them now.

Exhibits 205 through 209 have nothing to do with Plaintiff's original claims. Instead, they appear to relate to Plaintiff's newly concocted argument that jail officials confiscated grievance documents from Plaintiff's cell or interfered with his legal mail. It is unclear whether Plaintiff is raising this issue as an excuse for his failure to show exhaustion on his existing claims, or whether he is trying to assert a new claim. The Court finds that this argument is not a valid explanation for Plaintiff's failure to show exhaustion. Nor will the Court allow Plaintiff to amend his Complaint at this late stage based on these allegations. If Plaintiff wishes to raise this argument as an independent legal access claim he must do so in a separate complaint after properly exhausting all available administrative remedies.

Exhibits 210 and 211 are also not related to the claims in this case. Exhibit 210 is a letter from the Utah County Sheriff dated September 23, 2004, which appears to be a final ruling on certain grievances filed by Plaintiff. Exhibit 211 appears to be a Level 3 response from Captain Carlson on September 7, 2004, regarding the same grievances. The Sheriff's letter states that

4

it is in response to a "hand written complaint letter from [Plaintiff which was] contained in the grievance packet dated 09/09/04." (Pl.'s Mot. Alter or Am. Ex. 210) The Court has again reviewed all of the grievance documents submitted by Plaintiff but was unable to find any grievances or appeals matching this date. From the content of these exhibits it appears that they are not responses to any of the grievances on which the claims alleged in this case are based. Instead, they appear to deal primarily with allegations regarding a Deputy Fegan, who is not a defendant here. Thus, the Court finds that Exhibits 210 and 211 do not raise a genuine issue of material fact regarding whether Plaintiff fully exhausted the claims raised in his complaint.

Exhibit 212 is redundant because it relates to the same claim for which the Court previously found there was sufficient evidence of exhaustion to survive screening. In its Order of Dismissal the Court relied upon Exhibit 642 to Plaintiff's Opposition to Motion to Strike and Notice of Right of Sanctions (doc. no. 38, filed August 4, 2005) to find a genuine issue of fact regarding whether Plaintiff had fully exhausted his claim that he was denied legal assistance in preparing a habeas corpus petition. (Doc. No. 56 at 7.) Exhibit 212 appears to be a Level 3 grievance form and response from Lieutenant Carter regarding

those same allegations. The additional evidence of exhaustion on this one claim, however, does not alter the Court's finding regarding the total exhaustion requirement. Thus, the Court finds that Exhibit 212 does not warrant any relief from the Court's order.

Finally, Exhibit 213 appears to be a memorandum from Sergeant Wall regarding Plaintiff's requests to visit the law library. Plaintiff asserts that this document shows exhaustion of this claim. However, this document does not appear to be a final appeal to the Sheriff or jail commander as required by jail policy. As far as the Court can tell, this document is merely a Level 1 denial of Plaintiff's grievances numbered 727 and 740. Neither of those grievances state that they are appeals from earlier grievance rulings, much less from a Level 2 appeal. Thus, the Court finds that Exhibit 213 does not show complete exhaustion of any of Plaintiff's claims.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) the Court's Order of March 10, 2006, is amended to reflect that Plaintiff is not proceeding *in forma pauperis*, and that the screening analysis contained therein is pursuant to 28 U.S.C. § 1915A;

(2) Plaintiff's motion for relief from the Court's Order of March 10, 2006, is **denied**; and,

(3) the Clerk's office is directed to close this case forthwith.

DATED this 6th day of November, 2006.

BY THE COURT:

Paul G. Cassell
United States District Judge